IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MYRA CHARLENE HORAN

    Plaintiff,

v.                                                                                  No. 1:22-cv-01153-JDB-jay

CARMA DENNIS MCGEE,
DONALD E. PARISH,
STATE OF TENNESSEE,
CITY OF CAMDEN, TENNESSEE,
COUNTY OF BENTON, TENNESSEE,

    Defendants.

_____

ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTIONS TO DISMISS AND DENYING PLAINTIFF'S SECOND DEMAND FOR
JUDICIAL APPEAL AND REVIEW AND MOTION TO VACATE AND SET ASIDE VOID
ORDER
_____

        A pro se complaint filed by the Plaintiff, Myra Charlene Horan, was docketed in this matter on July 15, 2022. (Docket Entry ("D.E.") 1.) In accordance with Administrative Order No. 2013-05, the lawsuit was referred to Magistrate Judge Jon York for management of all pretrial matters. Counsel for Defendants McGee, Parish, and the State of Tennessee filed a motion to dismiss on August 19, 2022. (D.E. 11.) Counsel for Defendant Benton County, Tennessee filed a similar motion on August 22, 2022. (D.E. 14.) As of the date of entry of this Order, counsel for the City of Camden has failed to appear or file a responsive pleading. In a report and recommendation entered September 13, 2022, Judge York recommended that the District Court grant the motions to dismiss and sua sponte dismiss the claims against the City of Camden. (D.E. 23)

Horan had fourteen days to file objections after being served with a copy of the Report and Recommendation. (*Id.* at PageID 172.) Instead of objections, however, she filed a Notice of Appeal on September 14, 2022. (D.E. 24.) While the Sixth Circuit Court of Appeals considered her appeal, Horan moved for a Stay Pending Appeal and Notice of Trespass on the Case. (D.E. 26.) On October 31, 2022, the Sixth Circuit dismissed Plaintiff's appeal for lack of jurisdiction noting that "any review of the magistrate judge's orders must first be sought in the district court." (D.E. 27 at PageID 192.) On November 15, 2022, Plaintiff submitted a document (the "November Motion") titled "Second Demand for Judicial Appeal and Review Motion to Vacate and Set Aside Void Order Notice of Trespass on the Case." (D.E. 29.) Within this filing, she again raised no objections to the merits of the Report and Recommendation and instead sought all "'orders' by the magistrate . . . be immediately vacated and set aside . . . ." (*Id.* at PageID 194.)

When a party objects to a magistrate judge's report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). However, the submission of "vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Generalized objections are discouraged and the "district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed." *Ashraf v. Adventists Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018) (citing *Thomas v. Arn*, 474 U.S. 140, 151 (1985)). Furthermore, the Sixth Circuit has repeatedly held that failing to object to a specific finding within the report and recommendation waives appeal of those objections. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report,

which fails to specify the issues of contention, does not suffice to preserve an issue for appeal[.]"); *Cole*, 7 F. App'x at 356 ("This court requires litigants to file specific and timely objections to a magistrate judge's report and recommendation under 28 U.S.C. § 636(b)(1)(C) in order to preserve the right to appeal a subsequent order of the district court adopting that report."). Instead, "an objection preserves an issue when it 'explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic.'" *Robert*, 507 F.3d at 994 (quoting *Smith v. Chater*, 121 F.3d 709 (6th Cir. 1997) (unpublished table decision)).

Still, "[a] document filed *pro se* is 'to be liberally construed[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Despite being "held 'to less stringent standards,'" *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (declining "to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants"). Here, despite its length and more lenient treatment as a *pro se* filing, the November Motion does not contain objections that meet the requisite level of specificity. Instead, Horan's arguments fail to address the merits of the Report and Recommendation and appear largely duplicative of what she argued in her September 7, 2022 "Motion to Vacate and Set Aside Void Order." (D.E. 21.) Still, given that she appears *pro se*, Plaintiff's arguments are addressed below.

In the November Motion, Plaintiff primarily argues that she has never consented to the jurisdiction of the magistrate judge and asserts that a magistrate judge is a "creature of statute" whose orders are effectively unconstitutional. (D.E. 29 at PageID 198-99.) She does not, however, object or refer to any specific portion of the Report and Recommendation. Her only mentioning

3

is to note that Magistrate Judge "York filed report and recommendations despite the inapplicability of 28 U.S.C. 1915 which made findings of fact and law that are under jurisdiction of the jury." (D.E. 29 at PageID 197.)  Title 28 U.S.C. § 1915 details the procedure surrounding proceedings *in forma pauperis* and has no bearing on the authorization of a magistrate judge to issue a report and recommendation.  Indeed, relevant federal law specifically allows a "magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations . . . ."  28 U.S.C. § 636(b)(1)(B). As Magistrate Judge York succinctly detailed in his Order Denying Plaintiff's Motion to Vacate Order and Sanctions (D.E. 22), "Congress authorized the authority of the magistrate judge for civil matters . . . through the Constitutionally prescribed statutory process." (D.E. 22 at PageID 158); *see also* 28 U.S.C. § 636.  The claim that "[a] magistrate has absolutely no judicial authority" is therefore meritless.  (D.E. 29 at PageID 199.)

Plaintiff further contends that she has never "consent[ed] to any functions of any magistrate" judge.  (D.E. 29 at PageID 198.)  Horan's consent is irrelevant to the magistrate judge's authority to issue orders on pro se, non-prisoner, and pre-trial matters.  (D.E. 22 at PageID 158); *see also* 28 U.S.C. § 636; Fed. R. Civ. P. 72; Admin. Order 13-05.  Indeed, as Magistrate Judge York aptly reasoned "the Magistrate Judge is a constitutionally valid office . . . and is exercising constitutionally valid jurisdiction . . . ."  (D.E. 22 at PageID 158.)  The issuance of a report and recommendation is a constitutional, critical, and valid function of the magistrate judge.  28 U.S.C. 636(b); Local Rule 72.1(b).  For the foregoing reasons, Plaintiff's Second Demand for Judicial Appeal and Review and Motion to Vacate and Set Aside Void Order and Notice of Trespass on the Case is DENIED.

As stated, Horan's November Motion fails to raise specific objections to the Report and Recommendation and instead offers an exhaustive rehashing of arguments made in her September

4

7, 2022, motion. The time to file objections to the Report and Recommendation has expired. Having reviewed the Report and Recommendation and the entire record, the Court hereby ADOPTS the Report, GRANTS Defendants' motions to dismiss (D.E. 11, 14), and DISMISSES any remaining claims against Defendant City of Camden. As such, the Clerk is DIRECTED to terminate the motions at D.E. 9, 12, and 26 as moot.

    IT IS SO ORDERED this 28th day of November 2022.

s/ J. DANIEL BREEN<br>
UNITED STATES DISTRICT JUDGE